UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>)<br>)<br>v. )<br>)<br>MARK E. BUNDY )<br>)<br>Defendant. )<br>) | Criminal Action No. 95-CR-46 (RCL)<br><br>FILED<br>MAY - 8 2009<br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

## MEMORANDUM & ORDER

**I.   INTRODUCTION**

Defendant Mark E. Bundy's motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence based on amendments to the United States Sentencing Guidelines is before this Court. Upon consideration of the motion, the United States' opposition, the defendant's reply, applicable law, and the entire record herein, the motion will be DENIED.

**II.   FACTUAL AND PROCEDURAL BACKGROUND**

On September 18, 1996 the defendant pleaded guilty to conspiracy to distribute and to possess with intent to distribute fifty grams or more of "crack" cocaine. He did so pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(e)(1)(C).[1] In that agreement, the defendant and the United States agreed to a 144-month term of imprisonment, to be followed by a five year term of supervised release. The agreement also states that the parties arrived at the

---

[1] Rule 11(e)(1)(C) has since been renumbered as Rule 11(c)(1)(C). As such, subsequent references in this Order will refer to Rule 11(c)(1)(C).

agreed 144-month term using the then applicable sentencing guidelines. Since the time of the defendant's sentence, however, the United States Sentencing Commission has lowered the applicable sentencing guidelines for crack cocaine offenses and made the amended guidelines apply retroactively. U.S.S.G., Supplement to Appendix C, Amendments 706, 711 (Nov. 1, 2007); 18 U.S.C. § 3582(c)(2). Accordingly, defendant has filed a motion for a reduction of his sentence. Because his request is contrary to 18 U.S.C. § 3582(c)(2), the rules of criminal procedure, the sentencing guidelines, and applicable case law, his motion will be denied.

### III.  ANALYSIS

The examination of defendant's motion must begin with the statute under which he seeks relief. 18 U.S.C. § 3582(c)(2) provides that a defendant may make a motion to reduce his sentence if he was sentenced to a term of imprisonment based on a sentencing range that has been subsequently reduced by the United States Sentencing Commission. Bundy is unable to avail himself of this section, however, because a sentence agreed to in a Rule 11(c)(1)(C) agreement is not a sentence "based on a sentencing range" that has been set by the Sentencing Commission. The D.C. Circuit has stated that "[a] sentence arising from a Rule 11(e)(1)(C) plea . . . does not result from the determination of an appropriate guidelines offense level, but rather from the agreement of the parties: an agreement that is binding on the court once it is accepted by the court." *United States v. Heard*, 359 F.3d 544, 548 (D.C. Cir. 2004) (citing Fed. R. Crim. P. 11(e)(1)(C)). As such, 18 U.S.C. § 3582(c)(2) has no application to this case.

Moreover, as noted by the D.C. Circuit in *Heard*, the rule of criminal procedure under which Bundy entered his plea does not allow this Court to modify his sentence. *Heard*, 359 F.3d

at 548. Federal Rule of Criminal Procedure 11(c)(1)(C) states that an agreement on a sentence under this rule "binds the court once the court accepts the plea agreement." Certainly, the sentencing guidelines may have some bearing on what sentence a defendant decides to plead to because they help inform the defendant of what sentence he could face in the event that he were to go to trial and be convicted. Indeed, in this case the guidelines helped the parties calculate the agreed to sentence. But the parties were under no obligation to use the guidelines to determine the agreed to sentence. As noted by the rule, the ultimate agreement is a contract signed by the parties and is not a result of the court consulting the sentencing guidelines and sentencing the defendant accordingly. Indeed, when a court accepts a Rule 11(c)(1)(C) plea it forgoes that opportunity. As a result, a court has no power to modify the sentence under the Federal Rules of Criminal Procedure.

The sentencing guidelines themselves also counsel against the defendant's request. Section 1B1.10 of the sentencing guidelines, which governs retroactively lowering a defendant's sentence, states that a court may only reduce a defendant's sentence as provided by 18 U.S.C. § 3582(c)(2). In other words, the sentencing guidelines do not confer on defendants additional avenues for challenging a sentence. And, as noted above, section 3582(c)(2) itself only allows for a sentencing reduction if the defendant was originally sentenced under the guidelines. *Cf. United States v. Profeta*, No. 01-3030, 2001 WL 1488668, at *1 (D.C. Cir. 2001) (per curiam) (stating that if a defendant is sentenced to a statutorily mandated minimum sentence the district court has no authority to reduce a sentence under 18 U.S.C. § 3582(c)(2)).

This Court has once before rejected a similar motion in the context of the retroactive crack cocaine amendments to the sentencing guidelines. *United States v. Oliver*, 589 F. Supp. 2d

39, 40–41 (D.D.C. 2009). So too, have the majority of federal courts to have considered the question.[2] *See, e.g., United States v. Scurlark*, 560 F.3d 839, 841 (8th Cir. 2009); *United States v. Clayborn*, No. 08-2617, 2009 WL 929945, *1 (3d Cir. Apr. 8, 2009); *United States v. Grigsby*, 560 F. Supp. 2d 1066, 1067–68 (D. Colo. 2008); *United States v. Johnson*, No. 05-40107-01-RDR, 2008 WL 4758581, *1 (D. Kan. Oct. 27, 2008); *United States v. Fonville*, No. 01-1015-LRR, 2008 WL 2953610, *2 (N.D. Iowa July 29, 2008); *United States v. Tindall*, No. 04-00031-2, 2008 WL 2518546, *1 (W.D. Va. June 19, 2008); *United States v. Arroyo*, No. 97-1146-ILG, 2008 WL 2497430, *1 (E.D.N.Y. June 18, 2008); *United States v. Clayborn*, No. 05-51-01, 2008 WL 2229531, *2 (M.D. Pa. May 28, 2008); *United States v. Gordon*, No. 97-24-FHS, 2008 WL 901911, *1 (E.D. Okla. Mar. 31, 2008). While some other recent decisions have granted this type of motion, *see, e.g., United States v. Dews,* 551 F.3d 204, 208–10 (4th Cir. 2008), the Court finds the minority position unpersuasive and contrary to its prior decision. As those cases are not binding precedent, this Court will follow its prior decision in *Oliver*, as well as those of the majority of courts to have considered this question. For the reasons stated in this opinion the defendant's motion will be denied.

---

[2]Amendment 706 of the Sentencing Guidelines generally reduces the offense level that is applicable to cocaine base offenses by two levels. The Sentencing Commission set March 3, 2008 as the date that Amendment 706 could be applied retroactively. As a result, decisions on this precise issue are of recent vintage. However, earlier decisions addressing this issue with regard to other amendments to the sentencing guidelines have reached the same conclusion. *See, e.g., United States v. Peveler*, 359 F.3d 369, 379 (6th Cir. 2004) ("[T]he plain language of the current version of Rule 11(e)(1)(C), now Rule 11(c)(1)(C), generally precludes the district court from altering the parties' agreed sentence under 18 U.S.C. § 3582(c). This conclusion applies despite the retroactivity of a subsequent amendment to a relevant guidelines utilized to determine the defendant's sentence.").

IV.  **CONCLUSION AND ORDER**

Because the defendant was sentenced under a Federal Rule of Criminal Procedure 11(c)(1)(C) agreement, rather than under the sentencing guidelines, this Court has no power to modify his sentence under 18 U.S.C. § 3582(c)(2).  Accordingly, it is hereby

ORDERED that defendant's motion is denied.

SO ORDERED.

_____     _5/8/09_____
Chief Judge Royce C. Lamberth                Date